IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JEROME D. DEAL** | ) | CASE NO. 1:24-cv-1681 |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **JUDGE DAN AARON POLSTER** |
| v. | ) | |
| | ) | |
| **CRAIG KALLMAN**, *et al.*, | ) | **OPINION & ORDER** |
| | ) | |
| **Defendants.** | ) | |

On October 7, 2024, Defendant Craig Kallman filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff Jerome D. Deal's libel/slander claim was barred by the statute of limitations. ECF Doc. 4. Plaintiff filed an opposition to the motion to dismiss (ECF Doc. 5), but did not respond to Defendant's argument. As further explained below, Plaintiff's claim against Defendant Kallman is barred by the statute of limitations and is hereby DISMISSED.

Also, as further explained below, if Plaintiff does not complete service on the other defendants by December 30, 2024, the entire case will be dismissed for lack of prosecution.

I.      **Background**

Plaintiff filed his Complaint on August 28, 2024, alleging he was defamed by four songs performed by the artist Kevin Jerome Gilyard p/k/a Kevin Gates ("Gates"): "Out the Mud," released in 2014; "Tomorrow," released in 2015; "Discussion," released in 2018; and "Fatal Attraction," released in 2019 (collectively, the "Songs"). ECF Doc. 1-2.

Plaintiff contends these Songs were "made of and concerning" him, were "libelous" on their face, and that their "publication" caused him to suffer damages. Plaintiff has named

Kallman as a defendant because he is an executive of Atlantic Recording Corporation, a record label that distributed Gates' recordings. *Id*.

Plaintiff's complaint names two additional defendants, Tommy Jones and Travis Johnson, and includes John Doe Defendants 1-50. To date, Plaintiff has only served Defendant Kallman with his complaint. In accordance with Fed. R. Civ. P. 4(m), the Court hereby notifies Plaintiff that he must take additional steps to serve Defendants Tommy Jones and Travis Johnson. If Plaintiff has not taken any steps to complete service by December 30, 2024, his entire case will be dismissed for lack of prosecution.

## II. Law & Analysis

### A. Standard of Review

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012). Under the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, to survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The plausibility standard "asks for more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Complaints alleging "naked assertion[s]" devoid of "further factual enhancement" will not survive a motion to dismiss. *Twombly*, 550 U.S. at 557. In addition, simply reciting the elements of a cause of action or legal conclusions will not suffice. *Iqbal*, 556 U.S. at 678.

2

B.     Analysis

Defendant argues that, even if Plaintiff could set forth a valid claim of defamation against him, it would be barred by the statute of limitations. Under Ohio law, an action for libel or slander must be commenced "within one year after the cause of action accrued." Ohio Rev. Code § 2305.11(A). "'[T]he statute of limitations begins to run when the allegedly defamatory words are first spoken or published regardless of the aggrieved party's knowledge of them.'" *Friedler v. Equitable Life Assur. Soc. of U.S.,* 86 F. App'x 50, 53 (6th Cir. 2003) (quoting *Sabouri v. Ohio Dep't of Job & Family Servs.,* 145 Ohio App. 3d 651, 763 N.E.2d 1238, 1240-41 (Ohio Ct. App. 2001)); see *Rainey v. Shaffer,* 8 Ohio App. 3d 262, 8 Ohio B. 354, 456 N.E.2d 1328, 1330-31 (Ohio Ct. App. 1983) (citation omitted). "This is known as the 'first publication' rule." *Gentile v. City of Solon*, No.1:12CV1657, 2013 U.S. Dist. LEXIS 3408, 2013 WL 123621, at *2. (N.D. Ohio Jan. 9,2013); see also, *Doe v. College of Wooster*, 2018 U.S. Dist. LEXIS 23411 (N.D. Ohio Feb. 13, 2018). Here, the relevant songs were publicly released at least three years prior to the filing of Plaintiff's Complaint. Consequently, his claim is barred by the statute of limitations set forth in Ohio Rev. Code § 2305.11(A). *Friedler*, 86 Fed. App'x. at 55.

Plaintiff filed a brief in opposition on October 30, 2024 in which he seemingly attempts to submit facts in support of his claim. ECF Doc. 5. However, Plaintiff makes no attempt to argue that his claim is not barred by the statute of limitations stated in Ohio Rev. Code. § 2305.11(A). In fact, Plaintiff's brief in opposition confirms that the alleged defamatory songs were published several years ago. See ECF Doc. 5. Accordingly, Plaintiff has failed to show that his claim is timely, and the Court is required to grant Defendant Kallman's motion to dismiss. Moreover, because Plaintiff's claim against Defendants Jones and Johnson is based on the same facts as his claim against Kallman, it is likely that his claim against Jones and Johnson

3

is also barred by Ohio Rev. Code. § 2305.11(A). For this reason, Plaintiff may decide to simply dismiss his claim against the remaining defendants.

### III. Conclusion

For the reasons stated herein, Defendant Craig Kallman's motion to dismiss is GRANTED. ECF Doc. 4. Plaintiff's claim for libel/slander against Defendant Kallman is dismissed as untimely under Ohio Rev. Code. § 2305.11(A). If Plaintiff wants to proceed with his claim against the other defendants, he must take steps to serve them in accordance with Fed. R. Civ. P. 4(m) by December 30, 2024. Otherwise, his entire case will be dismissed for lack of prosecution.

Dated: November 1, 2024                                         *s/Dan Aaron Polster*
                                                                United States District Judge